UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LORI D. HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 14-02059 (GJS)<br><br>MEMORANDUM OPINION AND<br>ORDER |

## I.  PROCEEDINGS

  Plaintiff Lori D. Hall ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income.  The parties filed consents to proceed before the undersigned United States Magistrate Judge, and a Joint Stipulation addressing disputed issues in the case.  The Court has taken the Joint Stipulation under submission without oral argument.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISIONS

  Plaintiff first applied for DIB and SSI on March 17, 2009, alleging disability

since June 10, 2008.  (Administrative Record ("AR") 60).  Following the denial of her applications initially and on reconsideration, Administrative Law Judge Jay E. Levine ("ALJ Levine") held a hearing at Plaintiff's request.  (AR 60).  On July 1, 2010, ALJ Levine issued a decision ("Decision #1") applying the five-step sequential evaluation process to find Plaintiff not disabled.  (AR 60-66); *see* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).[1]  The Appeals Council denied Plaintiff's request for review on August 16, 2012, and there is no indication that Plaintiff appealed that decision.  (AR 106-11).

On May 31, 2011, Plaintiff filed new applications for DIB and SSI, alleging that she had been disabled since July 2, 2010.[2]  (AR 13, 27, 15, 202).  After Plaintiff's applications were denied initially and on reconsideration, Plaintiff requested a hearing, which was held on March 25, 2013.  (AR 13, 25-56).  On April 3, 2013, Administrative Law Judge Lawrence J. Duran ("ALJ Duran") issued a decision ("Decision #2), finding Plaintiff not disabled.  (AR 13-21).  At step one, ALJ Duran found that Plaintiff had not engaged in substantial gainful activity since the amended onset date of disability.  (AR 16).  At step two, ALJ Duran found that Plaintiff has "severe" impairments of degenerative joint disease of the bilateral

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. § 404.1520.  The steps are as follows:  (1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two; (2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four; (4) Is the claimant capable of performing her past work?  If so, the claimant is found not disabled.  If not, proceed to step five; (5) Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.  20 C.F.R. § 404.1520(b)-(g)(1).

[2] Plaintiff later amended her alleged onset date to June 15, 2011.  (AR 13, 27).

2

knee, degenerative disc disease at C5-C7, degenerative disease of the facet joints of the lumbar spine, hepatitis C, asthma, chronic obstructive pulmonary disease, hypertension, and hyperlipidemia.  (AR 16).  At step three, ALJ Duran found that Plaintiff does not have an impairment or combination of impairments that meets or equals one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 16).  Next, ALJ Duran determined that Plaintiff retains the residual functional capacity ("RFC") to perform light work (*see* 20 C.F.R. §§ 404.1567(b), 416.967(b)), with the following limitations:  (1) standing and/or walking 6 hours in an 8-hour workday; (2) sitting 6 hours in an 8-hour workday, with a sit/stand option in 1-hour intervals; (3) climbing, balancing, stooping, kneeling, crouching and crawling occasionally; and (4) no concentrated exposure to fumes, dusts, and gases.  (AR 16).  At step four, ALJ Duran found that Plaintiff is unable to perform her past relevant work.  (AR 19).  At step five, ALJ Duran found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the economy.  (AR 20-21.)

On August 26, 2014, the Appeals Council denied review, making Decision #2 the final decision of the Commissioner.  (AR 1-3); *see* 20 C.F.R. §§ 404.981, 416.1481.

On October 15, 2014, Plaintiff filed a complaint before this Court seeking review of Decision #2.  Plaintiff raises the following arguments:  (1) ALJ Duran erred in the evaluation of Plaintiff's RFC; (2) the vocational expert ("VE") provided testimony that conflicted with the Dictionary of Occupational Titles ("DOT") without offering sufficient support for her conclusions; (3) the adverse credibility determination is not supported by clear and convincing rationale; and (4) discrepancies in the administrative record warrants further clarification.  The Commissioner asserts that Decision #2 should be affirmed.

/ / /

/ / /

3

### III.    STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.    DISCUSSION

#### A. Plaintiff's RFC

Plaintiff contends ALJ Duran erred in assessing Plaintiff's RFC for a range of light work.  (Joint Stip. at 3-5, 7-9).  Specifically, Plaintiff asserts that ALJ Duran failed to give proper consideration to ALJ Levine's previous RFC assessment, and the current medical record is insufficient to support ALJ Duran's findings regarding Plaintiff's functional limitations.

#### 1.  ALJ Levine's Prior Decision

In Decision #1, ALJ Levine found that Plaintiff had the RFC to perform a range of light work, including a limitation to standing or walking in half-hour increments for a total of 2 hours in an 8-hour workday.  (AR 63).  According to Plaintiff, ALJ Levine's RFC assessment was "more closely aligned with sedentary work than light work."  (Joint Stip. at 7).  Plaintiff asserts that ALJ Duran erred by failing to give any res judicata consideration to ALJ Levine's prior RFC assessment and the prior medical records in determining whether Plaintiff's RFC should have been revised.  (Joint Stip. at 7-9).

Principles of res judicata apply to previous administrative decisions regarding disability and impose an obligation on the claimant to come forward with new and material evidence of changed circumstances in order to overcome the

4

presumption of continuing non-disability. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). An ALJ's previous findings concerning a claimant's RFC, education, and work experience have some preclusive effect and cannot be reconsidered by a subsequent ALJ, absent new evidence not presented to the previous ALJ. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (citing *Chavez*, 844 F.2d at 694). "Medical evaluations conducted after a prior adjudication necessarily constitute new and material evidence." *Nursement v. Astrue*, 477 Fed. Appx. 453, 454 (9th Cir. 2012) (citing *Stubbs-Danielson*, 539 F.3d at 1172-73).

Here, ALJ Duran properly determined that Plaintiff established changed circumstances and rebutted the presumption of continuing non-disability based on new and material evidence. (AR 13); *Chavez*, 844 F.2d at 693-94. ALJ Duran explained that he considered new medical evidence that had been submitted after ALJ Levine issued Decision #1, as well Plaintiff's new hearing testimony. (AR 13). In light of this new evidence, ALJ Duran was not precluded from making a new RFC assessment. *Stubbs-Danielson*, 539 F.3d at 1173; *Chavez*, 844 F.2d at 694.

### 2. Medical Evidence Supporting RFC Assessment

Plaintiff contends that there was insufficient evidence to support ALJ Duran's RFC assessment, as "there was no opinion evidence from any treating provider with respect to her functional limitations," and Plaintiff was not sent to a consultative examiner. (Joint Stip. at 4). Citing *Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir. 1993), Plaintiff asserts that "[w]ithout a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual." (Joint Stip. at 4). While ALJ Duran gave significant weight to the state agency medical consultants' opinions that Plaintiff is capable of performing light work, Plaintiff notes that these physicians did not have access to all of Plaintiff's medical records and did not consider "the prior unfavorable decision in [Plaintiff's] file,

5

which placed her at a different RFC than this ALJ." (Joint Stip. at 4). Plaintiff considers the opinions of the state agency physicians to be analogous to opinions of non-physician single decision makers, which are not entitled to any weight. (Joint Stip. at 5 (citing *Morgan v. Colvin*, 531 Fed. Appx. 793, 794-96 (9th Cir. 2013)).

When the medical evidence is ambiguous or "the record is inadequate" to allow for proper evaluation of the evidence, the ALJ has a duty to develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, ALJ Duran reasonably concluded that Plaintiff's RFC assessment was supported by the evidence as a whole. (AR 18). ALJ Duran carefully reviewed the opinions of Plaintiff's treating physicians contained in the medical records since Plaintiff's amended onset date, and found that the evaluations of the state agency physicians were consistent with the medical record. (AR 18-19, 72-85, 91-93); *see* Social Security Ruling ("SSR") 96-6p (State agency medical consultants "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act."). The ALJ also noted that Plaintiff's asthma, chronic obstructive pulmonary disease, hypertension, and hyperlipidemia were stable with medication, surgery had not been recommended for Plaintiff's foot problem, and treatment of Plaintiff's back, neck, and knee pain consisted of pain medication. (AR 17-19). Nevertheless, ALJ Duran included environmental limitations and a sit/stand limitation in Plaintiff's RFC to account for Plaintiff's asthma, chronic obstructive pulmonary disease, and reported problems with ambulation. (AR 16, 19). Under these circumstances, there was no need for ALJ Duran to obtain additional opinion evidence because the record was neither ambiguous nor inadequate.[3] *Tonapetyan*, 242 F.3d at 1150.

---

[3] As to Plaintiff's reliance upon *Penny*, 2 F.3d 953, and *Morgan*, 531 Fed. Appx. 793, both are distinguishable from the present case. Unlike *Penny*, ALJ Duran relied on the findings and reports of Plaintiff's treating physicians in

**B. The VE's Testimony**

Plaintiff asserts the VE's testimony that Plaintiff could perform work that would accommodate a sit/stand option conflicted with the DOT, and the VE failed to provide sufficient support to justify her conclusions.  (Joint Stip. at 9-13).  The Commissioner argues that ALJ Duran did not err in relying on the VE's testimony because there was no conflict between the VE's testimony and the DOT.

In general, an ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT.  *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p ).  If a deviation from the DOT exists, the ALJ should obtain a reasonable explanation for the deviation. *Massachi*, 486 F.3d at 1153; SSR 00-4p; *Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (ALJ may rely on VE testimony that contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  Evidence sufficient to support a deviation from the DOT may be either specific findings of fact regarding Plaintiff's ability to perform particular jobs, or inferences drawn from the context of the VE's testimony.  *See Johnson*, 60 F.3d at 1435, n. 7 (ALJ provided sufficient support for deviation by noting that the VE described characteristics and requirements of jobs in the local area consistent with claimant's RFC); *Terry v. Sullivan*, 903 F.2d 1273, 1279 (9th Cir. 1990) (ALJ may infer support for deviation where VE's understanding of applicable legal standards is clear from context).

The DOT does not address work situations requiring a sit/stand option. District courts in this circuit are split as to whether a VE's testimony creates a

assessing Plaintiff's RFC.  (AR 18-19).  The rationale of *Morgan* does not apply because the state agency physicians were "[a]cceptable medical sources," 20 C.F.R. §§ 404.1513(a), 416.963(a), rather than single decision makers.

1  conflict with the DOT when a VE testifies that a job can be performed by a
2  claimant who requires a sit/stand option, but the DOT does not discuss such a job
3  requirement.[4]   However, the Ninth Circuit considered this issue in an unpublished
4  decision, *Coleman v. Astrue*, 423 Fed. Appx. 754 (9th Cir. 2011).  Although
5  *Coleman* is not binding precedent, it has persuasive value.  *See* 9th Cir. R. 36-3(b)
6  (permitting citation to "[u]npublished dispositions and orders of this Court issued
7  on or after January 1, 2007.")

8       In *Coleman*, the ALJ determined that the claimant had the RFC to perform
9  sedentary or light work, provided that she could alternate between sitting, standing,
10  and walking on an hourly basis.  *Coleman*, 423 Fed. Appx. at 756.  While many of
11  the light and sedentary occupations would not accommodate a sit/stand/walk
12  option, the VE testified that the claimant could perform some of the occupations in
13  those exertional categories.  *Id.* at 756.  The Ninth Circuit panel concluded that the

---

14       [4] Many district courts have found that because the DOT does not address the
15  subject of a sit/stand option, VE testimony that a job can be performed by a
16  claimant who requires a sit/stand option is not in conflict with the DOT.  *See, e.g.*,
17  *Edwards v. Colvin*, No. 2:13-cv-1461-DAD, 2015 WL 673441, at *4 (E.D. Cal.
     Feb.17, 2015); *Gilmour v. Colvin*, No. 1:13-cv-0553-BAM, 2014 WL 3749458, at
18  *8 (E.D. Cal. July 29, 2014); *Stain v. Colvin*, No. CV 13-1973-SH, 2014 WL
19  2472312, at *2 (C.D. Cal. June 2, 2014); *Hirschy v. Commissioner of Social Sec.*,
     No. CIV S-10-2520-CMK, 2012 WL 996527 (E.D. Cal. Mar. 23, 2012); *Harvey v.*
20  *Astrue*, No. 09-02038 CW, 2010 WL 2836817 (N.D. Cal. July 16, 2010).  Other
21  district courts in this circuit have found that a VE's testimony that jobs could be
     performed with a sit/stand option is inconsistent with the DOT, requiring
22  additional explanation.  *See, e.g.*, *McCabe v. Colvin*, No. 3:14-cv-00396-LRH,
23  2015 WL 4740509, at *12 (D. Nev. Aug. 10, 2015) (finding an apparent conflict
     presented by VE testimony regarding jobs that will allow for a sit-stand option
24  when the DOT does not address a sit-stand option); *Edwards v. Astrue*, 2013 WL
25  1891764, at *9-10 (N.D. Cal. May 6, 2013) (finding apparent conflict where VE
     testifies jobs can be performed with a sit/stand requirement, but the DOT is silent
26  about that requirement); *Valenzuela v. Astrue*, No. C 08-04001 WHA, 2009 WL
27  1537876, at *3 (N.D. Cal. June 2, 2009) (same), *Smith v. Astrue*, No. C 09-03777
     MHP, 2010 WL 5776060, at *11-12 (N.D. Cal. Sept. 16, 2010) (same).
28

VE's testimony created an "apparent conflict with the DOT."  *Id.*  The ALJ did not ask the VE about a conflict with the DOT and the VE's testimony addressing the apparent conflict was brief and speculative.  *Id.* (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1043 (9th Cir. 2008) ("brief and indefinite testimony" is not "persuasive evidence" explaining a conflict)).  Therefore, remand was necessary so that the ALJ could hear further testimony from the VE and comply with SSR 00-4p.  *Id.*

At the hearing in this case, ALJ Duran presented the VE with a hypothetical person who was approaching advanced age, with an educational background, work experience and RFC for light work similar to Plaintiff's, including a sit/stand option at 1-hour intervals.  (AR 52).  The VE testified that such a person would not be able to perform Plaintiff's past jobs of cashier checker and bar manager, as those jobs required light work that would not accommodate a sit/stand option.  (AR 52-53).  When asked if there were any other jobs that could be performed, the VE identified the following jobs requiring light work:  production inspector (DOT 559.687-074) with 6,900 positions available regionally and 250,000 positions available nationally; small parts assembler with 11,000 positions available regionally and 220,000 positions available nationally; and information clerk (DOT 237.367-018), with 2,000 positions available regionally and 40,000 positions available nationally.  (AR 53).

The VE's testimony in this case suggested potential inconsistencies with the DOT that warranted further inquiry.  *See Coleman*, 423 Fed. Appx. at 756.  Although the VE claimed that her testimony was consistent with the DOT, the VE also acknowledged that there were light jobs that would not accommodate a sit/stand option, such as Plaintiff's past jobs of cashier clerk and bar manager.  (AR 52-53).  The VE did not offer any explanation as to why she thought the jobs of production inspector, small parts assembler or information clerk could be performed with a sit/stand option.  The VE also failed to explain what data or

9

evidence supported her opinion, and it is unclear if her testimony regarding the number of regional and national jobs available reflected jobs in which employers would actually allow work to be performed with a sit/stand option. *See, e.g.,Valenzuela*, 2009 WL 1537876, at *3. Thus, while the DOT does not expressly address sit/stand limitations, the VE's testimony indicated a departure from the DOT, which was not adequately explained. *See* SSR 00-4p; *Coleman*, 423 Fed. Appx. at 756.

## V.    CONCLUSION AND ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L.Ed.2d 272 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *see also Connett,* 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony); *Harman*, 211 F.3d at 1180-81.

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative

proceedings consistent with this Memorandum Opinion and Order. [5]

DATED: September 29, 2015

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.

11